J-S26040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELINDA FEKETY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN FEKETY | : | |
| | : | |
| Appellant | : | No. 1344 MDA 2020 |

Appeal from the Decree Entered September 29, 2020
In the Court of Common Pleas of Tioga County Civil Division at No(s):
0289-FS-2018

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: DECEMBER 9, 2021**

John Fekety ("Husband") appeals from the Order equitably distributing the marital assets of Husband and Melinda Fekety ("Wife"), which was made final by the entry of the September 29, 2020, Divorce Decree.  We affirm.

Husband and Wife were married in 1968.  Relevant to the instant appeal, Husband and Wife owned a home in Mainesburg, Pennsylvania ("the marital residence") and a home in Winter Haven, Florida ("the Florida property").  Additionally, Husband had inherited two properties:  a farm located on Wilson Hill Road (the "Wilson Hill Road farm"), in Morris, Pennsylvania; and a home located on Canada Road (the "Canada Road property"), in Covington, Pennsylvania.

The parties separated in September 2018, when Wife left the marital home and relocated to the Florida property.  Wife filed a Divorce Complaint

on December 4, 2018, citing mutual consent, irretrievable breakdown, and indignities.[1]  Wife also requested equitable distribution of marital property, alimony, alimony *pendente lite*, attorneys' fees and costs of litigation. Husband filed an Answer, contesting the divorce, and requesting a court order directing the parties to engage in counseling.  Husband separately filed a Petition for Marriage Counseling on December 7, 2018.  Wife filed an Answer and a Motion to Dismiss.  Following a hearing, the trial court denied Husband's Petition for Marriage Counseling.

On February 11, 2019, Husband filed a Petition for Exclusive Possession, arguing that the parties should be required to share the Florida property until equitable distribution is completed.  After the trial court entered a Rule to Show Cause why the Petition for Exclusive Possession should not be granted, Wife filed an Answer, arguing that Husband's intention was to harass and inconvenience her.  Wife also filed a Counter Petition for Exclusive Possession and a Petition for Special Relief, to which Husband filed an Answer.  Following a hearing, the trial court denied Husband's Petition for Exclusive Possession, and granted Wife's Counter Petition.

On January 2, 2020, the trial court ordered Wife to obtain appraisals of the marital residence, the Wilson Hill Road farm, and the Canada Road property, to be valued at both the date of acquisition and date of separation.

---

[1] **See** 23 Pa.C.S.A. §§ 3301(c), (d), and (a)(6), respectively.

The Order also authorized Husband to obtain his own appraisals. The cost of the appraisals was to be paid using one of the couple's joint bank accounts. On June 19, 2020, the trial court entered an Order scheduling trial.

The trial court conducted an equitable distribution hearing on September 18, 2020. On September 25, 2020, the trial court issued an Order equitably distributing Husband and Wife's assets, and entered a Divorce Decree. In its Order, the trial court stated the following:

> [Wife] is now 70 years of age. She describes her health as declining, she is in need of a hip replacement, suffers from severe arthritis, and has an issue with a kidney. [Husband] is 71 years of age. He is under the care of a neurologist who has suggested surgery. [Husband] suffered a significant injury with lasting neurological consequences during a 2006 assault. Both parties have retired from their prior occupations and are not expected to return to work. Neither party testified to particular needs and neither carries debt beyond month[-]to[-]month bills. Both parties primarily rely upon Social Security for income. [Husband] receives $860.00 per month, [Wife] $382.00. [Husband] receives annual rent from the [Wilson Hill Road] farm of $4,500.00. He also receives annual payments from the USDA under the [Conservation Reserve] Program of $6,841.00. Finally, [Husband] receives rent and royalty payments from Repsol Oil & Gas, which totaled $9,683.00 in 2018[;] royalty payments have significantly decreased and based upon deposits, reflects an average between $100.00 and $150.00 per month. Neither party expects to inherit additional property, nor does either party have retirement assets in any form. Neither party is likely to acquire additional capital assets from any source. Each party will likely be entirely reliant on their Social Security Benefits and the assets described below to support themselves for the rest of their lives.
>
> The parties have accumulated substantial assets during their marriage. A significant portion of the assets are in the form of real estate[;] the balance is in cash on deposit at several banks. The real estate assets include[:] 1) the marital residence …, purchased by the couple in 1970; 2) [the Florida property, purchased] several years ago; 3) [the Wilson Hill Road farm],

inherited by [Husband] in 2004; and 4) [the Canada Road property], inherited by [Husband] in 2003. Appraisals were made of the three properties in Pennsylvania and admitted as part of the hearing. The martial residence has a current appraisal value of $145,000.00[;] the Wilson Hill Road farm has a current value of $808,000.00 and appraised as worth $339,000.00 at the time [Husband] received it. The Canada Road property was valued at $145,000.00 at [Husband's] acquisition and is now valued at $180,000.00. The only value presented for [the Florida property] is based on a Comparative Market Analysis indicating a value of $79,900.00. Based upon the evidence submitted, the total value of real estate is $1,212,900.00[;] of this, $484,000.00 is the value of the properties gifted to [Husband] at the time he received them.

The balance of the property possessed by the litigants is in the form of deposit accounts. Based upon the evidence presented, the parties held the following accounts in September 2018 (time of separation)[:] 1) a joint account at Center State Bank [] with a balance of $77,201.00; 2) an account in [Wife's] name at Center State Bank with a balance of $61,413.00 []; 3) a joint account at First Citizens Community Bank (FCCB) with a balance of $56,526.00 []; 4) a joint account at C&N bank with a balance of $56,366.00 []. These accounts had an aggregate balance of $251,506.00, al of which would be marital property. Transfers were made by each party[,] and [Husband] apparently opened individual accounts at FCCB and C&N[,] between December 2018 and February 2019[,] using funds from the above accounts. [Wife] transferred $31,000.00 from the joint Center State account to the joint account at FCCB. She also transferred $41,000.00 from the joint Center State account to her own Center State account in December 2018. [Wife] testified, credibly in the determination of [the trial c]ourt, that she has not otherwise transferred or withdrawn funds from the accounts in Pennsylvania. [Husband] has had control and use of the Pennsylvania accounts since separation. … [T]he parties sold rental property and the proceeds of the sale, which are clearly [m]arital [p]roperty[,] have been deposited in these accounts, and are included as the now existing funds, which total approximately $204,079.00.

Having considered the evidence, the [trial c]ourt determines that the value of the marital estate now available for distribution is $932,979.00. This valuation includes the values of the [marital home] and [the Florida property], the increase in value of the inherited properties ([$]504,000.00), and the funds remaining in

the deposit accounts ($204,079.00). Given the circumstances addressed above, including the fact that [Husband] will retain nearly $500,000.00 in separate property, the marital estate shall be divided with [Wife] receiving fifty-seven and one-half (57.5%) percent of the marital estate, or $536,463.00. The distribution of the marital estate recognizes the fact that [Husband] indicated he wished to retain the farm and his mother's home. These inherited assets have significantly increased in value[,] and a forced sale would likely result in substantial tax implications and incur significant selling costs.

Order, 9/25/20, 2-4 (unnumbered).

The trial court awarded Wife sole ownership of the Florida property, the individual and joint accounts at Center State Bank, the joint account at FCCB, and the joint account at C&N Bank. *Id.* at 4 (unnumbered). Further,

[t]he remaining balance due to [Wife] shall be payable by installment or lump sum, no later than September 1, 2021. The lump sum payable to [Wife] shall be adjusted, based upon the actual funds remaining in the bank accounts awarded to her. The lump sum shall be calculated by deducting $79,900.00[, the value of the Florida property,] and the actual balances in the above accounts from the total award of $536,463.00.

*Id.* The trial court denied Wife's request for attorney fees and alimony. *Id.* at 5 (unnumbered). Additionally, the trial court awarded Husband sole ownership of the marital home, the Canada Road property, the Wilson Hill Road farm, and his individual accounts at FCCB and C&N Bank. *Id.*

On October 22, 2020, Husband filed a Motion for Reconsideration, challenging the distribution scheme. Husband filed a Notice of Appeal on the same date. The trial court denied Husband's Motion for Reconsideration on November 11, 2020. Husband subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Husband now raises the following issues for our review:

1. Whether the trial court abused its discretion in determining the increase in value of non-marital assets acquired during the marriage[?]

2. Whether the court's findings (opinion) support[] the equitable distribution of the majority of the liquid assets to [Wife?]

3. Whether the court's finding that a forced sale would result in substantial tax implications and incur significant selling costs (factor 10.2) is contradicted by the direction to pay the balance of $253,528 within one year[?]

Husband's Brief at 8.

In his first claim, Husband argues that the trial court erred in accepting the appraiser's opinion of increased value on the appraised properties. *Id.* at 16. Husband emphasizes the appraiser's testimony that no improvements had been made on the two inherited properties, *i.e.*, the Wilson Hill Road Farm and the Canada Road property. *Id.* at 17. Husband also argues that, though the appraiser stated that the value increase was based on the oil and gas "boom," the oil and gas leases were not renewed after 2011. *Id.* Husband contends that "[t]he appraiser[']s testimony fails to support the increased value testified to with regard to the inherited properties." *Id.* at 18.

We begin with the following standard of review:

We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. … If we fail to find an abuse of discretion, the order must stand.

… [I]t is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

***Conner v. Conner***, 217 A.3d 301, 309 (Pa. Super. 2019) (citations and quotation marks omitted).

In its Opinion, the trial court set forth the relevant law concerning the equitable distribution of the increased value of nonmarital assets, addressed Husband's claim, and concluded that it lacks merit. ***See*** Trial Court Opinion, 12/23/20, at 2-5. In particular, the trial court credited the appraisal submitted by Wife's expert, and noted that Husband had failed to complete and submit his own appraisal. ***Id.*** at 3. We discern no abuse of the trial court's discretion in this regard, and affirm on the basis of its Opinion as to Husband's first claim. ***See id.*** at 2-5.

In his second claim, Husband asserts that the trial court abused its discretion in awarding Wife a majority of the liquid assets. Husband's Brief at 18. Husband notes that his health has declined. ***Id.***

Preliminarily, we observe that this claim is largely underdeveloped, and is unsupported by citation to relevant case law. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Significantly, beyond a cursory statement that "23 Pa.C.S.[A.] § 3502 sets forth the factors to be considered in Equitable Distribution of Property[,]" Husband's Brief at 16, Husband does not provide any discussion of the factors, or specify how he believes the trial

court erred in evaluating them. Husband's claim is therefore waived. *See Hayward v. Hayward*, 868 A.2d 554, 558 (Pa. Super. 2005) (concluding that appellant's failure to cite any pertinent authority in support of his argument resulted in waiver of his claim).

Even if Husband had adequately developed this claim for our review, we would conclude that it lacks merit, for the reasons stated by the trial court in its Opinion. *See* Trial Court Opinion, 12/23/20, at 5-6. In particular, the trial court noted that Husband had requested to keep a majority of the real property, and the trial court granted his request. *Id.* at 5; *see also* Order, 9/25/20, at 4 (unnumbered) (wherein the trial court indicated that Husband wished to retain the Wilson Hill Road farm and the Canada Road property).

In his third claim, Husband challenges the trial court's determination that a forced sale of property was not warranted. Husband's Brief at 19. Husband claims that to pay the amount due to Wife, he would have to sell the Wilson Hill Road farm. *Id.* Husband argues that, based on the increase of value determination, "the [trial c]ourt is for all intents and purposes forcing a sale of the property in contradiction of its Order" equitably distributing the marital assets. *Id.* at 20; *see also id.* (claiming, again, that the increase of value determination is unsupported by the evidence).

This claim is likewise unsupported by adequate discussion or any citation to relevant case law, and therefore, is waived. *See* Pa.R.A.P. 2119(a); *Hayward*, *supra*. Further, even if Husband had developed this claim, we

- 8 -

would conclude that it lacks merit for the reasons stated by the trial court in its Opinion. **See** Trial Court Opinion, 12/23/20, at 6-7. In particular, the trial court stated that a forced sale of the real property "would result in substantial tax implications and incur selling costs." **Id.** at 7.

Based upon the foregoing, we affirm the Order equitably distributing Husband and Wife's marital assets.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2021

FILED
TIOGA COUNTY, PA

MELINDA FEKETY,     2020 DEC 23   PM 12: 54   IN THE COURT OF COMMON PLEAS
        Appellee,                        :

                        PROTHONOTARY &
    vs.               CLERK OF COURTS   :   OF TIOGA COUNTY, PENNSYLVANIA
                                        :

JOHN FEKETY,                         :
        Appellant.                   :   NO.    289    FS     2018

## Supplemental Opinion Pursuant to Pa. R.A.P. 1925(a)

### I. Factual Background

On September 25, 2020, following a hearing on Appellee's Request for Divorce and Equitable Distribution held on September 18, 2020, This Court issued its written Order. On October 22, 2020, Appellant timely filed both a Motion for Reconsideration and Notice of Appeal from this Court's final order, thereby preserving his right to appeal, Appellant's Motion for Reconsideration was denied on November 17, 2020. In response to this Court's Pa.R.A.P. 1925(b) Order[1], Appellant timely filed a Concise Statement of Matters Complained of on Appeal ("Statement").[2]

This Court files this Supplemental Opinion to address Appellant's Statement. Appellant raises three issues on appeal:

1. Whether the trial court abused its discretion in determining the increase in value of non-martial assets acquired during the marriage.
    a) the current appraised value is based on oil and gas lease values when the court found there are none being paid on the properties.
    b) No improvements have been made to the property (Factor 7).
    c) The appraiser acknowledged a limited market for the properties.

---

[1] *See* Pa. R.A.P. 1925(b) Order, filed October 27, 2020
[2] *See* Statement, filed November 17, 2020

2. Whether the court's findings (opinion) supports the equitable distribution of the marital assets (57 ½ % to Appellee).

   a) both parties are limited to social security benefits and are in poor health.

   b) Appellee was awarded most of the liquid assets.

3. Whether the court's finding that a forced sale would result in substantial tax implications and incur significant selling costs (factor 10.2) is contradicted by the direction to pay the balance of $282,935.00 within one year.

   a) Appellant has limited income and obtaining a mortgage in that amount is unlikely.

   b) Appellant's only option is to sell the inherited property awarded to him.

   c) It is unlikely Appellant would receive the appraised value in a sale of the property.

The undersigned humbly submits this opinion in support of its Order and otherwise relies upon the record. This Court respectfully requests the Court Affirm its September 25, 2020 Order.

## II. Analysis

### A. The Trial Court Did Not Abuse its Discretion in Determining the Increase in Value of the Non-Marital Assets Since the Court Relied Upon Appellee's Appraisal

Pursuant to 23 Pa. C.S.A. § 3501(a)(3), property acquired by gift, except between spouses, bequest, devise or descent or property acquired in exchange for such property is *not* considered martial property. "However, for purposes of equitable distribution, the *increase* in value of a non-martial asset constitutes martial property." Haentjens v. Haentjens, 860 A.2d 1056, 1059 n.7 (Pa. Super. 2004). "The Divorce Code does not set forth a specific method for valuing assets, and consistent with our standard of review, the trial court is afforded great discretion in fashioning

2

an equitable distribution order which achieves economic justice." <u>Mundy v. Mundy</u>, 151 A.3d 230, 236 (Pa. Super. 2016) (citation omitted). In valuing marital assets, "[t]he trial court must exercise discretion and rely on estimates inventories, records of purchase prices, and appraisals submitted by both parties." <u>Smith v. Smith</u>, 904 A.2d 15, 21-22 (Pa. Super. 2006). However, the Superior Court has consistently held that, "[i]n determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property." <u>Mundy</u>, 151 A.3d at 236 (quoting <u>Smith</u>, 904 A.2d at 22).

Here, although Appellant inherited both the farm on Wilson Hill Road in Morris, Pennsylvania in 2004, and the home on Canada Road in Covington, Pennsylvania in 2003, for purposes of equitable distribution, the *increase* in value of these non-martial assets constitutes martial property. Appellant argues this Court abused its discretion in determining the increase in value of the aforementioned marital property; however, Appellant *did not* submit his own appraisal. Therefore, in valuing these marital assets This Court accepted and relied upon the appraisal submitted by Appellee's expert, Ms. Sherri Zuchowski, an expert in the field of residential appraisal,[3] as to the true and correct value of the aforementioned property. She testified the value of the farm increased from $339,000 at the time Mr. Fekety received it to a current value of $808,000, an increase of $469,000. Ms. Zuchowski testified the value of the home on Canada Road increased from $145,000 at the time Mr. Fekety received it to a current value of $180,000, an increase of

---

[3] *See* Transcript, p. 8, lines 13-14

3

$35,000. Therefore, the total increase in value of the non-marital property is $504,000.

As to the farm, Appellant is correct that no improvements were done to the property; regarding the specific reference to the testimony of Ms. Zuchowski in support of his contention that the current appraised value is based on *actual* oil and gas lease values. Ms. Zuchowski testified that she did not independently appraise the oil and gas rights, but instead did a Market Comparison approach and searched comparable properties that were transferred with oil and gas rights.[4] On cross-examination she testified unequivocally the appraisal increase was due to the value of the land with oil and gas rights.[5] Moreover, she testified that part of her appraisal included the oil and gas *potentials* and not whether there were royalties being paid on the property.[6] Lastly, after a review of the transcript, this Court did not see where Ms. Zuchowski acknowledged a limited market for the farm. Contrarily, Ms. Zuchowski testified that because the property borders state land it would be very desirable for hunters[7] who usually pay market value.[8]

As to the home on Canada Road, Appellant is again correct that no improvements were done to the property. There was no testimony about oil and gas rights regarding this property. After a review of the transcript, the undersigned finds no reference by Ms. Zuchowski to a limited market for the home on Canada Road. Again, Ms. Zuchowski testified unequivocally the appraisal increase was due to the

---

[4] *See* Transcript, p. 13, lines 13-23
[5] *See* Transcript, p. 27, lines 13-14
[6] *See* Transcript, p. 25, lines 3-8
[7] *See* Transcript, p. 25, lines 1-2
[8] *See* Transcript, p. 26, lines 1-3

4

basic increase in property values over the relevant period of time.[9]

Therefore, since Appellant did not submit his own appraisal, This Court accepted and relied upon Appellee's appraisal as to the true and correct value of the aforementioned properties. Ms. Zuchowski testified unequivocally both properties increased in value due to a basic increase in property values over the relevant time period. Accordingly, the undersigned submits it did not abuse its discretion in determining the increase in value of the aforementioned non-marital assets.

## B. This Court's Opinion Supports the Equitable Distribution of the Martial Assets Since Appellee has Limited Income and Appellant Retained Significant Separate Property Upon Request

Pursuant to 23 Pa. C.S.A. § 3502, "the court shall equitably divide, distribute, or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after consideration of all relevant factors."

Here, the Court considered all the relevant factors, as described more fully in its prior Order. Specifically, although both parties are in their 70s with ailments, Appellant is incorrect in his assertion that he is *limited to* social security benefits. Appellee receives only $382.00 per month social security income; however, in addition to receiving $478 more in social security income, Appellant also receives rent from the farm, payments from the USDA CRP Program, and rent and royalty payments from Respol Oil & Gas, as described in the challenged Order. Furthermore, Appellee contributed to Appellant's auto body business via assistance with the record and

---

[9] *See* Transcript, p. 29, lines 11-14

bookkeeping. Lastly, upon request of Appellant, he retained both the farm and the home on Canada Road, the *increase of value* of which eclipsed $500,000. Appellant will retain significant assets beyond those addressed in the equitable distribution of the marital estate, conversely, Appellee has virtually no assets outside those in the marital estate. For these reasons and the reasoning contained within the Order, Appellee received the equitable distribution she did. This included most of the liquid assets so Appellee could receive as much as possible of her share considering the positions of both parties and the fact Appellee is still due over $250,000. Lastly, Appellant errs in his calculation of the remaining balance of $282,935. In its prior order, This Court stated that the value of the assets Appellee received is $282,935.00. Therefore, this amount should be subtracted from the $536,460.00 share This Court awarded Appellee. Accordingly, the remaining balance is <u>$253,528.00</u>.

Therefore, This Court submits after consideration of all relevant factors, the equitable distribution of the martial assets to Appellee is supported by its prior Order and this supplemental opinion.

**C. Based Upon Appellant's Request to Retain the Inherited Property, This Court Did Not Order a Forced Sale Which Would Result in Substantial Tax Implications and Incur Significant Selling Costs**

Pursuant to 23 Pa. C.S.A. § 3502(a)(10.2), "The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain," is a factor which is relevant to the equitable distribution of property.

Here, although the Court considered this factor, based upon Appellant's request to retain both the farm and the home on Canada Road, the Court *did not*

order the sale of either property which would result in substantial tax implications and incur selling costs. Neither party presented any specific evidence related to the selling costs nor the tax implications related to a sale of either or both properties. As the properties were inherited and have substantial value there likely would be costs related to the sale as well as tax costs but the actual cost would be, at best, speculative in the absence of testimony or other evidence related to the same. Additionally, Appellant cannot have it both ways: he cannot wish to retain the property, which this Court respected, yet next argue that the Court should have instead ordered the sale. Lastly, although This Court recognizes Appellant has limited income in obtaining a mortgage, Appellant again misrepresents that it is unlikely he would receive the appraised value in a sale of the inherited property, as previously described in Subsection A. Pertaining to this Court's direction for Appellant to pay the remaining balance by September 1, 2021, this direction was intended to balance the need for resolution and finality considering needs of the parties with the flexibility necessary to structure payment of the balance due.

WHEREFORE, This Court respectfully requests you Affirm.

By the Court,

George W. Wheeler, President Judge

12/23/2020

cc: Albert C. Ondrey, Esquire
Rita G. Alexyn, Esquire